UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL NO. 05-10014-NMG |
| v. | |
| TERESA SMITH, | |
| a/k/a TERESA IACONI, | |
| Defendant. | |

## GOVERNMENT'S OPPOSITION
## TO DEFENDANT'S § 2255 MOTION

The government asks the Court to deny Teresa Smith's § 2255 motion to vacate her sentence. Smith's motion is untimely; her claim is not cognizable on collateral review; and the claim fails on the merits as well.

### PROCEDURAL HISTORY

On November 12, 2002, Smith was charged with mail and wire fraud in a 10-count information. The charges stemmed from an $880,000 internet auction fraud scam in which she sold computers through eBay, collected money from her customers, and then failed to provide the customers with the computers. Smith pled guilty to all charges on December 10, 2002, and the Court sentenced her, on April 10, 2003, to 57 months in prison.

Smith, acting through counsel, filed this § 2255 motion December 28, 2004. On March 23, 2005, the Court requested a response from the government.

## THE RELEVANT FACTS

As far as the government is aware, the facts Smith sets out in her affidavit are essentially accurate. On December 30, 2002, between her plea and sentencing, Smith provided the undersigned AUSA, via her counsel, with the results of some research she had done on-line, which, she believed, demonstrated that a Nikki Brindle, in Indiana, was in the process of executing an internet auction fraud on eBay. The government passed this information to eBay, but because eBay apparently could not determine that Brindle had yet defrauded anyone, it took no action.

Ultimately, it appears that Smith's research was accurate, because Brindle's customers complained to the Internet Fraud Complaint Center that she had defrauded them, triggering an investigation of Brindle in Indiana. Brindle was arrested by the Warsaw, Indiana sheriff's department on October 13, 2003, on fraud charges. Those state charges, however, were ultimately dismissed in favor of an ongoing federal investigation. The government is not aware, however, of any connection between the information Smith provided and the Indiana investigation. Rather, that investigation was triggered by victim complaints to law enforcement.

Smith's plea agreement (which is attached to this opposition) does not contemplate, or even mention, the possibility that the government would file a motion for downward departure under U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35(b), and Smith did not raise this issue at sentencing.

## ARGUMENT

Although it was filed by counsel and not pro se, Smith's motion does not clearly state the legal basis on which she believes her sentence should be vacated. The government assumes that her claim is that, based on the information she provided about Nikki Brindle, it should have filed a pre-sentencing motion for downward departure under § 5K1.1, or a post-sentencing motion for a reduction of sentence, under Rule 35(b).

I.      **§ 5K1.1 Claim is Defaulted and Time-Barred Because Smith Failed to Raise it at Sentencing or Within a Year of Judgment**

Smith gave the government the information about Nikki Brindle between the time of her guilty plea and sentencing. At no time before or during the sentencing hearing, however, did she suggest that the government should be moving for a downward departure under § 5K1.1. To the extent that she is making that argument now, it has been procedurally defaulted because it was not raised at the sentencing or in a direct appeal. See Massaro v. United States, 123 S. Ct. 1690, 1693 (2003) (procedural default rule provides that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice"). Furthermore, even if she could overcome the default hurdle, Smith's § 5K1.1 claim is time-barred because she failed to raise it within a year of the judgement against her. See 28 U.S.C. § 2255 (1).

II.     **Smith's Rule 35 Claim is not Cognizable on Collateral Review and Fails on the Merits**

Smith could also be arguing (although she has not said so) that, when the U.S. Attorney's Office for the District of Massachusetts learned that Nikki Brindle had been

3

charged with crimes in Indiana, it should have moved, under Rule 35(b) for a reduction of Smith's sentence. Because she says she did not know about the Brindle prosecution until the December 30, 2003 press coverage of Indiana's civil suit against Brindle, her December 28, 2004, § 2255 motion would fall just within the one-year period allowed for such motions.

A.    Smith's claim is not cognizable under § 2255

"To be cognizable under § 2255, a non-constitutional claim of legal error must amount to a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Mateo v. United States, 328 F.3d 126, 136 (1st Cir. 2005) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). While Smith claims that her sentence constitutes a "fundamental miscarriage of justice," she does not state why this is so, nor does she provide any support for her claim, and the Court therefore need not speculate about what argument she may be making. See U.S. v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace.") (citations omitted). Because she has not identified any circumstance that brings her sentence within the narrow "miscarriage of justice" category, her claim is not cognizable under § 2255.

B.    Smith was not entitled to a Rule 35 motion

Even if the Court reaches the merits of Smith's claim, the claim fails. The First Circuit has held that, "[f]or the most part, the government has unbridled discretion in deciding whether to file . . . a [substantial assistance] motion." U.S. v. Sandoval, 204 F.3d 283, 285 (1st Cir. 2000). Sandoval goes on to describe the "only two situations in which the

law constrains this discretion":

> The first involves cases in which the government's failure to move for a substantial assistance departure is based on some constitutionally impermissible factor (say, race or religion), or is not rationally related to some legitimate Government end. U.S. v. Wade, 504 U.S. 181, 185 (1992). The second involves cases in which the government explicitly undertakes to make, or to consider making, such a motion.

Id. at 286. Other circuits have extended this analysis to the government's decision about filing a Rule 35(b) motion after sentencing. See, e.g., U.S. v. Wilson, 390 F.3d 1003, 1009 (7th Cir. 2004) (citing Wade, 504 U.S. at 185-86).

Here, Smith's plea agreement did not mention the possibility of cooperation or a substantial assistance motion. And she has not alleged any unconstitutional or otherwise improper motive on the government's part in not filing such a motion. Furthermore, the "cooperation" that Smith provided in this case – passing to the government the results of some research she did on-line, which did not assist any investigation or prosecution – would not have supported a substantial assistance motion. There is, therefore, no basis for her suggestion that the government's failure to file such a motion constitutes a miscarriage of justice.

## CONCLUSION

For the above reasons, the Court should deny Smith's motion to vacate her sentence.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

Adam J. Bookbinder
Assistant U.S. Attorney

Dated: April 13, 2005

## CERTIFICATE OF SERVICE

I certify that I am today serving a copy of this pleading on the defendant's attorney, listed below, by first class mail:

Angelo Catanzaro, Esq.
15 West Union St.
Ashland, MA 01721

Dated: April 13, 2005

Adam J. Bookbinder



**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*1 Courthouse Way, Suite 9200*
*Boston, Massachusetts 02210*

November 4, 2002

Angelo Catanzaro, Esq.
Catanzaro and Allen
15 West Union St.
Ashland, MA 01721

      Re:   <u>U.S. v. Teresa Smith</u>

Dear Mr. Catanzaro:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Teresa Smith ("Defendant"), in the above-captioned case. The Agreement is as follows:

      1.    <u>Change of Plea</u>

At the earliest practicable date, Defendant shall waive indictment and plead guilty to all counts in the above-captioned Information. Defendant expressly and unequivocally admits that she in fact knowingly, intentionally and willfully committed the crimes charged in the Information, and is in fact guilty of those offenses.

      2.    <u>Penalties</u>

Defendant faces the following maximum penalties on each count:

- 5 years incarceration
- 3 years supervised release
- $250,000 fine
- $100 special assessment
- restitution

3.    Sentencing Guidelines

The parties will take the following positions at sentencing under the United States Sentencing Guidelines:

(a)    The Guideline manual effective November 2001 applies to this sentencing;

(b)    The base offense level (§ 2B1.1) is **6**;

(c)    The loss is more than $400,000 (§2B1.1(b)(1)(H)), so **add 14**;

(d)    There are more than 50 victims (§2B1.1(b)(2)(B)), so **add 4**;

(e)    The offense involved the violation of a court order (§2B1.1(b)(7)(C), so **add 2**;

(f)    The offense involved identity fraud (§2B1.1(b)(9)(C)(i)), so **add 2**;

(g)    Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court **reduce by 3** levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

(h)    If Defendant receives the 3-point reduction for acceptance of responsibility, her **Adjusted Offense Level will be 25.**

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between the execution of this Agreement and sentencing, Defendant:

(a)    Fails to admit a complete factual basis for the plea;

(b)    Fails to truthfully admit her conduct in the offenses of conviction;

(c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d)    Fails to provide truthful information about her financial status;

2

(e)     Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f)     Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g)     Intentionally fails to appear in Court or violates any condition of release;

(h)     Commits a crime;

(i)     Transfers any asset protected under any provision of this Agreement;

(j)     Attempts to withdraw her guilty plea; and/or

(k)     Sells, or offers for sale, any item via the internet, including, but not limited to, computer, television, stereo, or other equipment offered via eBay, other internet auction sites, or directly through a web page.

Defendant expressly understands that she may not withdraw her plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that she receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4.     Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the District Court:

(a)     Incarceration at the low end of the guideline range;

(b)     Fine at the low end of the guideline range, unless the court finds pursuant to U.S.S.G. § 5E1.2(e) that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to

3

able to pay a fine;

(c)     Restitution;

(d)     $100 special assessment on each count;

(e)     Three years supervised release.

The Defendant reserves the right to seek a departure from the guideline sentencing range. The Defendant agrees that she will file any departure motion and provide the U.S. Attorney with all supporting evidence at least 21 days before his sentencing. She further agrees that the failure to file a motion or submit evidence within such deadline will constitute a waiver of the right to request a departure or to seek to admit such evidence in support of the departure request. The U.S. Attorney expects to oppose any such motion.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5.     Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.     Protection of Assets for Payment of Restitution and Fine

Defendant agrees not to transfer, or authorize the transfer of any asset in which she has an interest without prior express written consent of the U.S. Attorney, except for:

(1)     Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $ 5,000;

(2)     Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom she owes a legal duty of support, so long as such assets do not exceed $ 3,000 per month; and

(3)     Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this

4

Agreement and continue until the fine and/or restitution ordered by the Court at sentencing are satisfied in full.

Defendant further agrees that, prior to sentencing, she will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7.    Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(e)(1)(B). Defendant may not withdraw her plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw her plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

8.    Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning her assets.

9.    Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of her conduct and her plea of guilty to the charges specified in paragraph one of this Agreement.

10.    Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

11.    Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of her pretrial release, or has committed any crime following her execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by her of an obligation under this Agreement shall give rise to grounds for withdrawal of her guilty plea.  Defendant understands that, should she breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by her, and any information, materials, documents or objects which may be provided by her to the government subsequent to this Agreement, or pursuant to the proffer agreement dated May 3, 2002, without any limitation. In this regard, Defendant hereby waives any defense to any charges which she might otherwise have under any statute of limitations or the Speedy Trial Act.

12.    Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13.    Complete Agreement

This letter contains the complete agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated May 3, 2002. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral, with the sole exception of those contained in the proffer letter dated May 3, 2002. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

6

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Adam J. Bookbinder.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *James B. Farmer*

JAMES B. FARMER
Assistant U.S. Attorney
Chief, Criminal Division

STEPHEN P. HEYMANN
Assistant U.S. Attorney
Deputy Chief, Criminal Division

ADAM J. BOOKBINDER
Assistant U.S. Attorney

7

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

TERESA SMITH
Defendant

Date: 11/7/02

I certify that Teresa Smith has read this Agreement and that we have discussed its meaning. I believe she understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

ANGELO CATANZARO, ESQ.
Attorney for Defendant

Date: 11/7/02

8