UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CIVIL NO. 05-10014-NMG |
| ) | |
| v. ) | |
| ) | SCANNED |
| TERESA SMITH, ) | DATE:_____ |
| ) | |
| a/k/a TERESA IACONI, ) | BY:_____ |
| ) | |
| Defendant. ) | |

## GOVERNMENT'S OPPOSITION
## TO DEFENDANT'S MOTION TO AMEND § 2255 MOTION

The government asks the Court to deny Teresa Smith's motion to amend her § 2255 motion to vacate her sentence. As is the case with the underlying motion, Smith's motion to amend is untimely; her claims are not cognizable on collateral review; and the claims fail on the merits as well.

### PROCEDURAL HISTORY

Smith, acting through counsel, filed her § 2255 motion December 28, 2004. On March 23, 2005, the Court requested a response from the government, and the government filed its opposition on April 13, 2005. On May 11, 2005, Smith, again through counsel, filed a motion to amend her § 2255 motion, adding four new claims.

### ARGUMENT

I.  Smith's motion to amend is untimely

Smith has added four completely new claims in her motion to amend, without

providing any explanation for why she did not make these arguments in her initial motion. While it is true that United States v. Booker was not decided until January 12, 2005, two weeks after she filed the initial motion, Blakely v. Washington was decided June 24, 2004. Smith therefore certainly could have raised a Guidelines-based claim in her initial motion but did not do so. The same holds true for her other new claims. Because she could have raised all of her new claims in her December 29, 2004 § 2255 motion, the government asks the Court to deny her motion to amend.

      II.    Smith's new claims are not cognizable on collateral review

"To be cognizable under § 2255, a non-constitutional claim of legal error must amount to a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Mateo v. United States, 398 F.3d 126, 136 (1st Cir. 2005)[1] (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). Smith has not argued that any of her new claims arise from a "fundamental miscarriage of justice," and the Court therefore need not speculate about whether this might be the case. See U.S. v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace.") (citations omitted). Because she has not identified any circumstances that brings her sentence within the narrow "fundamental miscarriage of justice" category, her claim is not cognizable under § 2255.

---

[1] This case is cited with an incorrect volume number in the government's initial opposition.

III.    Smith's new claims fail on the merits

Even if the Court reaches the merits of Smith's new claims, these claims fail.

A.    The *Booker* claim

Smith's suggestion that the decision in Booker provides a basis for vacating her sentence fails for a series of reasons. First, under the rule the Supreme Court set out in Teague v. Lane, 489 U.S. 288 (1989), Booker is not retroactive to cases on collateral review. United States v. Fraser, 407 F.3d 9, 10 (1st Cir. 2005) ("petitions under 28 U.S.C. § 2255 are unavailable to advance Booker claims in the absence of a Supreme Court decision rendering Booker retroactive") (citing Cirilo-Munoz v. United States, 404 F.3d 527 (1st Cir. 2005)).

Second, because Smith did not challenge the constitutionality of the Guidelines at sentencing, she must show (a) cause for not raising this claim earlier, and (b) prejudice. See Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Frady, 456 U.S. 152, 167-68 (1982). She has not done either. Finally, the Court should reject Smith's Booker claim because she has failed to even argue, let alone provide any evidence showing that the District Court would have imposed a lesser sentence under an advisory Guideline regime.

B.    The halfway house claim

Smith does not articulate why a decision holding that the Bureau of Prisons may place defendants in a halfway house before the final ten percent of their sentence entitles her to have her sentence vacated. The decision about whether, and when, Smith should go to a halfway house is within the BOP's discretion and has no bearing on her § 2255 motion.

C.  <u>The Boot Camp program</u>

While the District Court did recommend that the BOP place Smith in the Boot Camp (Shock Incarceration) Program, the BOP's decision to end the program for financial reasons does not entitle Smith to have her sentence vacated. The decision about whether Smith should be placed in this program was always within the BOP's discretion, and the Court's recommendation was therefore not part of the sentence it imposed, but rather was simply a recommendation to the BOP. The fact that Smith has not been placed in the Boot Camp program, whether as a result of the BOP's exercising its discretion or as a result of the program's termination, does not create a "miscarriage of justice" that would require the Court to vacate her sentence.

D.  <u>Smith's work and conduct in prison</u>

While it may be true that Smith's work record and conduct in prison have been outstanding, she does not even attempt to explain why this entitles her to relief under § 2255. If she continues her good behavior in prison, she will be rewarded with a reduction of up to 15% in her sentence under the good time program. Her work with Puppies Behind Bars does not, however, support her motion to have her sentence vacated.

## CONCLUSION

For the above reasons, the Court should deny Smith's motion to amend her § 2255 motion.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Adam J. Bookbinder
Adam J. Bookbinder
Assistant U.S. Attorney

Dated: June 15, 2005

## CERTIFICATE OF SERVICE

I certify that I am today serving a copy of this pleading on the defendant's attorney, listed below, by first class mail:

Angelo Catanzaro, Esq.
15 West Union St.
Ashland, MA 01721

Dated: June 15, 2005

/s/ Adam J. Bookbinder