United States District Court
District of Massachusetts

| | |
|---|---|
| TERESA SMITH,<br><br>  Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | Civil Action No.<br>05-10014-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the motion of Teresa Smith ("Smith") to vacate, set aside or correct her sentence pursuant to 28 U.S.C. §2255. Also pending is Smith's motion to amend her petition.

On December 20, 2002, Smith pled guilty to a 10-count information charging her with mail and wire fraud. The charges stemmed from an internet fraud scheme in which Smith sold computers via eBay, collected money from her customers and failed to provide those customers with the products they purchased. The total amount defrauded from those customers was approximately $880,000. On April 10, 2003, Smith was sentenced to 57 months in prison, a sentence which was at the bottom of the applicable guideline range.

Smith's § 2255 motion alleges that her sentence resulted in a fundamental miscarriage of justice. She states that contemporaneously with her entering a plea agreement with the United States Attorney, she provided the United States Attorney with information regarding another eBay seller, Nikki Brindle ("Brindle"), who Smith alleged was engaging in a fraudulent scheme similar to hers. Although Smith now contends that the information she provided was "detailed, substantial, comprehensive, well documented and necessarily disclosed a concerted effort on Movant's part to assist the government," Smith acknowledges that neither she nor the government made any reference to her purported assistance at the time of her sentencing. On October 13, 2003, six months after Smith was sentenced, Brindle was arrested in Indiana on internet fraud charges.

The government responds that it provided Smith's information to eBay but that eBay could not determine that Brindle had defrauded anyone. It further contends that the investigation which led to Brindle's arrest was triggered by victim complaints to law enforcement and, therefore, there was no connection between the information provided by Smith and the arrest of Brindle.

Smith has failed to explain, and the Court is at a loss to discern, how her sentence could be regarded as a fundamental

-2-

miscarriage of justice even accepting her claim that she provided information to the government about a person who was eventually arrested. Furthermore, even if Smith's information was significant to the government's investigation of Brindle, contrary to the government's contention, that does not render Smith's sentence open to collateral attack.

The fact that Smith provided the government with information regarding the alleged criminal activity of another individual does not render her guilty plea or subsequent sentence invalid. It was not a fundamental miscarriage of justice for the Court to sentence Smith without knowledge of her attempted assistance when both her attorney and the government had ample opportunity to inform the Court of such attempted assistance but neither party chose to do so. Smith's plea agreement did not contemplate the government filing a § 5K1.1 motion or otherwise recommending a sentence lower than the one she received and she has not alleged that the government made any other assurances with respect to her sentencing. Moreover, it is not a fundamental miscarriage of justice for the Court to decline to re-sentence a defendant every time it receives additional, favorable information about the defendant, such as that she provided the government with information or otherwise acted responsibly. In sum, Smith has provided neither operative facts nor compelling argument in support of her claim that her sentence is a fundamental

miscarriage of justice.

Smith's motion to amend seeks to add to her § 2255 motion an Inmate Progress Report dated March 19, 2005. Although that report attests to Smith's good behavior during her incarceration, it does not provide a sufficient factual basis or legal argument to warrant the vacation of her sentence. The motion to amend, therefore, will be denied as moot.

### ORDER

Based upon the foregoing:

1) Petitioner's Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1) is **DENIED**;

2) Petitioner's Motion to Amend Motion under 28 USC Section 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 5) is **DENIED**; and

3) the petition for habeas corpus relief is **DISMISSED**.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: July 14, 2005